UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TIFFANY NGUYEN and THOMAS NGUYEN,

                              Plaintiffs,            **MEMORANDUM & ORDER**
                                                              15-CV-0587 (MKB)

                    v.

CHANCELLOR JAMES B. MILLIKEN, *City University of New York*, PRESIDENT JENNIFER RAAB, *Hunter College*, and HOLGER CARRILLO,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Tiffany Nguyen ("Ms. Nguyen") and Thomas Nguyen ("Mr. Nguyen") commenced the above-captioned action on January 30, 2015 against the City University of New York, James B. Milliken, Hunter College, Jennifer Raab and Holger Carrillo. (Compl., Docket Entry No. 1.)[1] Plaintiffs seek relief pursuant to 42 U.S.C. §§ 1983 and 1985(3) for violations of Ms. Nguyen's First Amendment, Fifth Amendment and Fourteenth Amendment rights.[2] (*Id.* at 1–2.) Plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted

---

[1] For the purposes of this Memorandum and Order, the Court will refer to the Complaint and the documents annexed to the Complaint as the "Complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). For ease of reference, the Court refers to the electronic case filing (ECF) page numbers.

[2] Plaintiffs also vaguely refer to "fraud," "severe and extreme physical injuries," mental and emotional distress, and "deceptive practices." (Compl. 2–3.) Because, as discussed below, the Court finds that Plaintiffs have failed to state a plausible claim under federal law, the Court declines to exercise supplemental jurisdiction over any state law claims, to the extent Plaintiffs are attempting to assert such state law claims.

solely for the purpose of this Order.³  For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. Background

The following factual allegations are taken from the Complaint.  Mr. Nguyen's daughter Ms. Nguyen was a student at the City University of New York ("CUNY"), Hunter College. (Compl. 1–2.)  On or about December 28, 2014, Carrillo, who is identified as a part-time instructor at Hunter College, "allegedly committed fraud(s) by posting [P]laintiff's, [Ms. Nguyen's] incorrect grade . . . on CUNY system and informing [P]laintiff of her grade via email." (*Id.* at 2.)  According to a document annexed to the Complaint, it appears that Ms. Nguyen received a grade of "B" in "Stat," and demands "a correct grade of at least A- (A-minus)." (*Id.* at 5.)  Mr. Nguyen advised Ms. Nguyen to request that the "error/wrong grade" be corrected "in a 'peaceful and professional manner' while [Mr. Nguyen] kept watching on the 'sideline.'" (*Id.* at 2.)  The circumstances and date of this "request" are not indicated.

On January 29, 2015, Ms. Nguyen was confronted by Hunter Associate Director of Student Conduct Colleen Barry and two campus security officers outside of her classroom. (*Id.*) According to the Complaint "[P]laintiffs were politely asking for her earned and corrected grade but instead, [ ] discovered fraud and conspiracy." (*Id.*)  Barry and the security officers took away unidentified property from Ms. Nguyen and threatened to arrest her if she returned to Hunter College's campus. (*Id.*)  A Criminal Trespass Warning from the Hunter College Department of Public Safety, which is partially obscured in the photocopy submitted to the Court such that a

---

³ It is not clear that Mr. Nguyen qualifies for *in forma pauperis* status, given his monthly income, which he reported to be $4030 per month.  (Thomas Nguyen Mot. for Leave to Proceed *In Forma Pauperis* 1, Docket Entry No. 2.)  However, based on Mr. Nguyen's representation that he had only $453 in take-home pay for the period of December 2, 2014 through December 15, 2014, the Court grants his application for the purposes of this Memorandum and Order.

2

date cannot be discerned, and a business card for Colleen Barry are attached as exhibits to the Complaint. (*Id.* at 4.) The Criminal Trespass Warning states that Ms. Nguyen is prohibited from entering Hunter College at 695 Park Avenue in New York City without express written permission from the Hunter College Department of Public Safety. (*Id.*)

Plaintiffs demand in excess of $900 trillion in damages for "causing [P]laintiff(s) severe and extreme physical injuries; for causing [P]laintiffs mental and physical damages, suffering emotional and mental distress; for using deceptive practices; for depriving [P]laintiff(s) the right to life, for taking away [P]laintiff's First Amendment right, among many other rights guaranteed by . . . statutes and the [United States] Constitution, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), etc." (*Id.* at 3.) Plaintiffs offer to "re-consider, as a matter of law, a win-win resolution in the interest of CUNY and our mother America, if DEFENDANT exhibited honest goodwill and remorse as detailed in Exhibit** [*sic*[4]] from which one can easily see [Ms. Nguyen's] true grade of A- and her fair compensation for pain and suffering of going through this." (*Id.*) In an attached exhibit, Plaintiffs request "a correct grade of at least A- (A-minus)" and $339,402 in compensation. (*Id.* at 5.)

The Complaint also states that Plaintiffs' "third demand is to implicate Carillo and his 'distant-outside-CUNY' MASTERMIND(s) . . . to pay for their 'CRIMINAL' violation(s)." (*Id.* at 3.) Plaintiffs reference a third attached exhibit, which appears to be a "Case Sheet" from an incident that occurred at the China Airlines check-in counter at an unidentified airport on August 26, 2007, in which a masked person stole Mr. Nguyen's and his family's passports and Ms. Nguyen was dragged on the floor. (*Id.* at 6.)

---

[4] Plaintiffs used symbols to differentiate between the Exhibits annexed to the Complaint.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Standing

In order to bring suit in a federal court, a plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014) "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Natural Resources Defense Council, Inc. v. U.S. Food & Drug*

*Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2 and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Id.* (citations omitted); *see also Hollingsworth v. Perry*, 570 U.S. ---, ---, 133 S. Ct. 2652, 2661 (2013) (Standing "'requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.' In other words . . . [the litigant] must seek a remedy for a personal and tangible harm." (internal citation omitted) (quoting *Lujan*, 540 U.S. at 560–61)). To have standing to bring a Section 1983 action, a plaintiff must show that he was personally deprived of rights or privileges guaranteed by the United States Constitution. *See Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) (finding that plaintiff "has no standing to challenge constitutional deprivations alleged to have been experienced by his mother — among other things, the appointment of her conservator, the freezing of her accounts, and the taking of her property" and had not adequately alleged that he personally had suffered a constitutional injury (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984))); *Casino v. Feilding*, No. 13-CV-5095, 2013 WL 5970694, at *4 (E.D.N.Y. Nov. 8, 2013) (dismissing Section 1983 claim brought by wife for violations of husband's civil rights, noting that "[a] party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution" (quoting *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988)) (internal quotation marks omitted)).

Mr. Nguyen has failed to show that he has suffered an injury in fact that is traceable to

the conduct of the Defendants in this action. The allegations in the Complaint involve Ms. Nguyen's interactions with Hunter College employees, including her encounter with Associate Director Barry and two campus security officers. (Compl. 2.) Mr. Nguyen acknowledges that he agreed to "ke[ep] watching on the 'sideline'" while Ms. Nguyen confronted her teacher about the grade. (*Id.*) The Complaint advances no theory by which Mr. Nguyen was harmed when Ms. Nguyen received an allegedly incorrect grade, engaged with the campus security officers, or received the criminal trespass warning not to enter Hunter College property without express written permission. Mr. Nguyen has not identified any specific civil right or constitutional interest of his that has been, or is in imminent danger of being, affected by Defendants' conduct. Since the allegations relate to alleged harms to Ms. Nguyen, Mr. Nguyen's claims for relief pursuant to Section 1983 and 1985(3) are dismissed for lack of standing.

    c. **Eleventh Amendment**

To the extent Ms. Nguyen brings claims for damages against Milliken and Raab in their official capacities as representatives of CUNY and Hunter College, such claims are barred by the Eleventh Amendment. "The Second Circuit has decisively held that CUNY and its senior colleges, like Hunter College, are 'arms of the state,' which are immune from suit under the Eleventh Amendment." *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (citing *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir.) *supplemented sub nom. Clissuras v. City of Univ. of N.Y.*, 90 F. App'x 566 (2d Cir. 2004), and *Jackson v. City Univ. of N.Y.*, No. 05-CV-8712, 2006 WL 1751247, at *2 (S.D.N.Y. June 23, 2006)); *see also Shibeshi v. City Univ. of N.Y.*, 531 F. App'x 135, 135 (2d Cir. 2013) (holding claim against CUNY properly dismissed as barred by the Eleventh Amendment); *Ford v. Reynolds*, 316 F.3d 351, 355–56 (holding that suit against CUNY officials barred by the Eleventh Amendment to the extent it was

brought against CUNY officials in their official capacity and was not seeking prospective injunctive relief). "It is well settled that Congress did not abrogate the States' sovereign immunity by enacting § 1983 and New York has not waived its immunity" as to claims of this nature. *Marino*, 18 F. Supp. 3d at 335 (citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)).

However, under the principle enunciated in *Ex Parte Young*, a plaintiff may sue a state official acting in his official capacity for prospective injunctive relief from violations of federal law. *See Ford*, 316 F.3d at 354–55; *Marino*, 18 F. Supp. 3d at 329 (citing *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) and *Ex parte Young*, 209 U.S. 123 (1908)). Ms. Nguyen appears to allege a claim for prospective injunctive relief against Milliken and Raab for the correction of her grade. For the reasons discussed below, Ms. Nguyen has failed to show that the incorrect grade has been posted in violation of federal law, and thus cannot state a claim against Milliken and Raab in their official capacities for prospective injunctive relief in correcting her grade.

### d. Failure to state a claim

#### i. Section 1983 claims

Ms. Nguyen's vague allegations that Associate Direct Collen Barry of Hunter College and two campus security officers "knowingly and deliberately took away [Ms. Nguyen's] First Amendment, Fifth Amendment, and 14th [*sic*] Amendment rights among other violations," (Compl. 2), fails to state a claim under 42 U.S.C. § 1983. In order to sustain a claim for relief under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."

7

*Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. A plaintiff seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

Ms. Nguyen fails to state a claim against Milliken, Raab and Carrillo. As a preliminary matter, the Complaint contains no allegations relating to the conduct of Milliken or Raab, or otherwise indicates that either Milliken or Raab personally had any involvement in either the (1) incorrect grade, or (2) the incident on January 29, 2015 involving Barry and two campus security officers. Because there are no allegations against either Defendants Milliken or Raab to show that they were personally involved in any action against Ms. Nguyen, the Complaint is dismissed as to Milliken and Raab in their individual capacities. Second, Ms. Nguyen has made no showing that Carrillo was involved in any deprivation of her constitutional rights. Ms. Nguyen has not made any allegation as to what involvement, if any, Carrillo had in the events on January 29, 2015 that resulted in the Criminal Trespass Warning and alleged deprivation of Ms. Nguyen's property. The Complaint alleges that Carrillo "committed fraud(s) by posting [Ms. Nguyen's] incorrect grade . . . on [the] CUNY system and informing [P]laintiff of her grade via email." (Compl. 2.) Ms. Nguyen has not alleged that she had any constitutional right to receive a particular grade, or to have that grade posted on the CUNY system. *Cf. Marino*, 18 F. Supp. 3d at 337–38 (noting that there is no constitutionally mandated procedure required for challenging

8

academic decisions such as a failing grade, and that the opportunity to challenge failing grade before appellate committee in CUNY system was "more procedural safeguard[] than required by the Constitution"). Furthermore, because Ms. Nguyen has failed to allege a deprivation of any federal right in the posting of her grade in the CUNY system, she cannot seek prospective injunctive relief against Milliken and Raab in their official capacities under *Ex Parte Young*. *See Dube*, 900 F.2d at 595 ("[A] state official acting in his official capacity may be sued in a federal forum to enjoin conduct that violates the *federal Constitution*, notwithstanding the Eleventh Amendment bar." (emphasis added) (citations omitted)).

As Ms. Nguyen has not stated facts that indicate that Carrillo or any other Defendant was involved in the January 29, 2015 event, or that she was deprived of a constitutional right when she received a lower-than-expected grade, her Section 1983 claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### ii. Section 1985(3) claims

To make out a violation of Section 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 9 (2d Cir. 2013) (quoting *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983)) (internal quotation marks omitted). With respect to the second element, a plaintiff must show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus . . . ." *Id.* (quoting *Britt v. Garcia*, 457 F.2d 264, 270 n.4 (2d Cir. 2006)) (internal quotation omitted); *see*

9

*also Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Here, the Complaint does no more than allege in a conclusory manner that Ms. Nguyen and Mr. Nguyen "discovered fraud and conspiracy." (Compl. 2.) Even affording the Complaint a liberal reading, it contains no factual allegations that there was any agreement or meeting of the minds to achieve an unlawful end. *See Robinson*, 508 F. App'x at 9 (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Furthermore, there is no factual basis on which to find that the alleged conspiracy was motivated by invidiously discriminatory animus. Accordingly, any claims pursuant to Section 1985(3) are also dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Ms. Nguyen's *pro se* status, the Court grants her leave to replead the Complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim against any individual Defendant listed in the amended complaint. Any amended complaint must be filed within 30 days of the date of this Memorandum and Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed until Ms. Nguyen has complied with this order. If Ms. Nguyen fails to file an amended complaint within 30 days, the instant action shall be dismissed.

### III. Conclusion

For the reason stated above, the Complaint is dismissed as to Thomas Nguyen for lack of standing and as to Tiffany Nguyen for failure to state a claim against Defendants. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an

10

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: April 21, 2015
      Brooklyn, New York