UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TIFFANY NGUYEN and THOMAS NGUYEN,

                              Plaintiffs,             **MEMORANDUM & ORDER**
                                                              15-CV-0587 (MKB)

                        v.

JAMES B. MILLIKEN, CITY OF NEW
YORK/CITY UNIVERSITY OF NEW YORK,
JENNIFER RAAB, HUNTER COLLEGE,
HOLGER CARRILLO, and NEW YORK CITY
DEPARTMENT OF EDUCTION,

                              Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Tiffany Nguyen ("Ms. Nguyen") and Thomas Nguyen ("Mr. Nguyen"), appearing *pro se*, filed the above-captioned action on January 30, 2015, alleging violations of Ms. Nguyen's First, Fifth, and Fourteenth Amendment rights and seeking relief pursuant to 42 U.S.C. §§ 1983 and 1985(3). (Compl. 1–2.) By Memorandum and Order dated April 21, 2015, the Court granted Plaintiffs' applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the Complaint as to Mr. Nguyen for lack of standing and to Ms. Nguyen for failure to state a claim. Ms. Nguyen was granted leave to file an amended complaint within thirty days, and sought and was granted three extensions of time to file her amended complaint. On June 22, 2015, the Court granted the third request for an extension of time, warning Ms. Nguyen that no further extensions would be granted, and that failure to file an amended complaint on or before July 3, 2015 would result in dismissal of the action. (Order Dated June 22, 2015.) Plaintiffs filed an Amended Complaint on July 7, 2015, adding new Defendants and claims for breach of contract and for violations of the United States Criminal Code, the Law of

Nations and Universal Declaration of Human Rights. (Am. Compl. 1–4, Docket Entry No. 12.)
For the following reasons, the untimely Amended Complaint is dismissed pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

I. **Background**

   a. **Procedural Background**

Plaintiffs' initial Complaint[1] alleged, in sum, that Carrillo, a part-time instructor at Hunter College, "committed fraud" by giving Ms. Nguyen a grade of "B" in "Stat," as Plaintiffs believed that she was entitled to a grade of "at least A- (A-minus)." (Compl. 2, 5.) Approximately one month after the grade was posted, Ms. Nguyen was confronted by Hunter College Associate Director of Student Conduct Colleen Barry and two campus security officers, who took unidentified property from Ms. Nguyen and threatened to arrest her. (*Id.* at 2.) Ms. Nguyen attached to the Complaint a Criminal Trespass Warning from the Hunter College Department of Public Safety. (*Id.* at 4.) By Memorandum and Order dated April 21, 2015, the Court dismissed the complaint as to Mr. Nguyen for failing to demonstrate standing to sue for the harms alleged, and as to Ms. Nguyen for failure to state a claim against any of the Defendants. The Court granted Ms. Nguyen leave to file an amended complaint.

On May 13, 2015, Plaintiffs filed a "Motion Letter to Vacate Dismissal for Mr. Nguyen Lack of Standing." (Docket Entry No. 6.) The Motion included new allegations, not raised in the initial Complaint, about Mr. Nguyen's previous conflict with Carrillo related to Mr. Nguyen's employment in the New York City Department of Education beginning "[a]bout 14

---

[1] For the purposes of this Memorandum and Order, the Court's references to the Complaint or Amended Complaint include both the pleading itself and all documents attached thereto. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). For ease of reference, the Court refers to the electronic case filing (ECF) page numbers.

years ago in the first week of September 2001." (*Id.* at 1.) Mr. Nguyen alleges that he confronted Carrillo about opening "the 'box' the night before, and drill[ing] 'their kids' in the early morning of the exam(s)." (*Id.*) He alleges that, since 2002, Carrillo and others came into his classroom "non-stop." (*Id.*) Mr. Nguyen states that he wants to catch Carrillo in "illegal act(s)" and asserts that he "had strong and firm standing then-and-now against Carrillo et al[.] . . . ." (*Id.* at 2.)

On May 28, 2015, Mr. Nguyen and Ms. Nguyen filed a "Motion to Request Special Restraining Order," to "stop Hunter/CUNY's continuous abusing of power against Ms. Nguyen's SSN." (Docket Entry No. 8 at 1.) The Motion included a printed version of the New York State Higher Education Services Corporation's website, several emails and a copy of an email in which Ms. Nguyen was informed that her request to enroll for courses at Kingsborough Community College was rejected because "[a] negative Service Indicator has been placed on your record by the Bursars Office." (*Id.* at 2–5.) The Court denied the request for a special restraining order, as Plaintiff had failed to show a basis for the motion.

While filing these motions, Plaintiffs filed three requests for an extension of time to file an amended complaint, two of which contained multiple attachments and all of which referred to other cases that Mr. Nguyen has filed in this Court. (Docket Entry Nos. 7, 10, 11.) The Court granted all three requests for extensions and, on June 22, 2015, warned Plaintiffs that failure to file an amended complaint by July 3, 2015 would result in dismissal of the action. (Order dated June 22, 2015.) Plaintiffs filed the Amended Complaint on July 7, 2015. (Am. Compl. Docket Entry No. 12.) In an attached "Letter of Apology," Plaintiffs assert that they submitted the papers late because of the Independence Day holiday and Mr. Nguyen's "Health-scare." (Am. Compl. Ex. 1) The courthouse was closed on July 3, 2015, in observance of the July 4 holiday;

accordingly, the last day for submission of the amended complaint was on the next business day, July 6, 2015. *See* Fed. R. Civ. P. 6(a). Plaintiffs' Amended Complaint was not filed until 5:30 AM on July 7, 2015. (See Am. Compl. 1.)

### b. Amended Complaint

Plaintiffs appear to bring this action against Defendants James B. Milliken, Chancellor of the City University of New York; the City of New York; City University of New York; Jennifer Raab, President of Hunter College; Hunter College; Holger Carrillo; and the New York City Department of Education.[2] (Am. Compl. 1–2.) Plaintiffs allege violations of 42 U.S.C. §§ 1983 and 1985(3), 18 U.S.C. §§ 1028, 1513 and 1519, and the "natural" Law of Nations and University Declaration of Human Rights. (*Id.* at 4.) Plaintiffs primarily complain that Ms. Nguyen was not afforded a grade of A-minus, to which she believed she was entitled in her class taught by Carrillo, (*id.* at 4–5; Am. Compl. Ex. 2 at 1–4), and that Ms. Nguyen has had difficulties obtaining or accessing financial aid, which has caused her further trouble in registering for classes, (Am. Compl. 9, 11). Ms. Nguyen also repeats her allegation that she was stopped by two campus security guards and threatened with arrest if she returned to Hunter College. (*Id.* at 11.)

Plaintiffs allege that Ms. Nguyen's Fifth and Fourteenth Amendment rights were violated when Defendant Carrillo "fraudulently" denied Ms. Nguyen an A-minus grade. (*Id.* at 4–5, 11–12.) Plaintiffs now allege the existence of an unspecified "Agreement/Contract," related to Carrillo's syllabus, which Plaintiffs allege was breached when Carrillo did not calculate Ms.

---

[2] Plaintiffs' Amended Complaint is not clear as to who they intend to name as Defendants, naming Milliken, Raab, and Carrillo in the caption but listing the City of New York, the New York City Department of Education, City University of New York with Milliken as Chancellor, Hunter College with Raab as President, and Carrillo as Defendants in the body of the Amended Complaint. (*See* Am. Compl. 1–2.)

4

Nguyen's grade properly. (*Id.* at 4–5.) Plaintiffs annex several documents purportedly showing various calculations of Ms. Nguyen's grade, including a table created by Plaintiffs comparing "defendants' fraudulent grade" and "true earned grade." (Am. Compl. Ex. 2 at 1–4.) The table indicates a discrepancy in the score assigned for "Homework/class." (*Id.* at 2) The "fraudulent" scores add up to a final percentage of 83.81, a B grade, while the "true earned grade" scores add up to 90.21, which the document suggests equals "at least A-." (*Id.*) The next document appears to be a printout of an unidentified computer program indicating a "homework" average score of 95.6%. (*Id.* at 3.)

Another exhibit appears to be a printout of an email from Sandra Clarkson, Coordinator of the STAT 113 class in the Department of Mathematics and Statistics at Hunter College, addressed to Ms. Nguyen. It is dated January 7, 2015 and references Hunter College's "established grade appeals procedures." (*Id.* at 4.) Plaintiffs allege that "Ms. Nguyen clearly earned 'that at least A-'; it was her property paid by tuition and her hard-work." (Am. Compl. 5.)

The Amended Complaint also reiterates Ms. Nguyen's claims related to the January 29, 2015 incident when she "was excessively arrested/detained" by Associate Director Colleen Barry and two campus security officers, identified as Sergeant Raymond Santos and Towiek. (*Id.* at 11–12.) The Amended Complaint alleges that "[t]hey took away her property and threaten[ed] Ms. Nguyen's arrest if she is on Hunter campus the next time around." (*Id.* at 11.) "They knowingly and intentionally took away [Ms. Nguyen's] First Amendment, Fifth Amendment, and 14th [*sic*] Amendment rights among other violations because plaintiffs were politely asking for her earned and corrected grade. . . ." (*Id.*) The Amended Complaint does not allege that any of the named Defendants were involved in this incident, nor does it name Barry or the officers as

5

defendants. It does not provide any details in support of Ms. Nguyen's claim that her constitutional rights were violated during this incident.

The untimely Amended Complaint raises new allegations against Defendant Carrillo related to his employment with the Department of Education, specifically that he was Mr. Nguyen's direct supervisor for two years at some time during Mr. Nguyen's employment at the Department of Education beginning in September of 2001. (*Id.* at 3, 15.) The Amended Complaint alleges that Mr. Nguyen was harmed by Defendants' recent actions because the recent incident involving Ms. Nguyen "re-activated and aggravated Mr. Nguyen's 'previous' physical, psychological, and mental pain and anguish; and further inflicted severe damages to Mr. Nguyen's current and existing cardiac problem(s)." (*Id.* at 13.) Moreover, the submission asserts that "an attack on Ms. Nguyen is the same as an attack on Mr. Nguyen because Ms. Nguyen is a direct lineage and blood of Mr. Nguyen." (*Id.* at 17.)

Plaintiffs claim that Ms. Nguyen's personal data was compromised, although they do not allege that the named Defendants were responsible. (*Id.* at 15.) The Amended Complaint suggests that "SSN fraud" caused Ms. Nguyen to be unable to register for summer courses at Kingsborough Community College. (*Id.* at 11.)

Plaintiffs allege that Ms. Nguyen suffered $339,402 in damages for the incorrect grade, and requests immediate injunctive relief in the form of a grade adjusted to A-minus. (*Id.* at 6.) For all of the alleged violations, Plaintiffs demand nine hundred trillion dollars and one cent in damages and an unspecified "win-win resolution in the interest of CUNY/NYC/NYS and our mother, America." (*Id.* at 17–18.)

In the Amended Complaint, Plaintiffs cross-reference several of their other actions that

have been brought before this Court.³ (*Id.* at 4, 5, 7.) As Plaintiffs have been warned that allegations and motions relating to other actions are not properly before the Court in this action, and because the allegations are against the Court⁴ and persons who are not parties to this action, the Court disregards Plaintiffs' allegations regarding fraud, discrimination and injustice relating to those actions.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

³ This *pro se* action is one of seven filed by Mr. Nguyen in the Eastern District of New York in the last year and a half, almost all of which have been dismissed. *See Nguyen v. Bush*, No. 15-CV-641 (E.D.N.Y. filed Feb. 6, 2015) (*see* Docket Entry No. 6 (dismissing complaint without leave to amend)) *appeal dismissed* Nos. 15-1802 and 15-1766 (2d Cir. July 8, 2015); *Nguyen v. Milliken*, No. 15-CV-0587 (E.D.N.Y. filed Jan. 30, 2015) (*see* Docket Entry No. 5 (dismissing complaint with leave to amend)); *Nguyen v. Santander Bank*, No. 14-CV-3989 (E.D.N.Y. filed June 26, 2014) (*see* Docket Entry No. 70 (dismissing complaint with prejudice)) *appeal dismissed* No. 15-1928 (2d Cir. July 24, 2015); *Nguyen v. JPM Chase Bank*, No. 14-CV-03464 (E.D.N.Y. filed June 2, 2014) (*see* Docket Entry No. 27 (same)) *appeal dismissed* No. 15-1927 (2d Cir. July 29, 2015); *Nguyen v. China Nat'l Offshore Oil Corp. (CNOOC)*, No. 14-CV-3327 (E.D.N.Y. filed May 29, 2014) (dismissing complaint at September 17, 2014 status conference, with prejudice as any amendment would be futile) *appeal dismissed* No. 14-3871 (2d Cir. Mar. 6, 2015); *Nguyen v. Bank of America*, No. 14-CV-1243 (E.D.N.Y. filed Feb. 26, 2014) (*see* Docket Entry No. 22 (dismissing complaint with leave to amend)); *Nguyen v. Ridgewood Savings Bank*, No. 14-CV-1058 (E.D.N.Y. filed Feb. 28, 2014) (*see* Docket Entry No. 41 (dismissing complaint with prejudice)) *appeal dismissed* No. 15-1929 (2d Cir. July 28, 2015).

⁴ Mr. Nguyen repeatedly attacks the Court as biased, presumably for dismissing his Complaints in other actions, accuses the Court of fraud and discrimination, and appears to be frustrated with the Court. Mr. Nguyen also appears to be annoyed that the Court has yet to decide his motion to vacate the Court's prior decision in *Nguyen v. Bush*, No. 15-CV-641, one of the seven actions Mr. Nguyen has filed in this Court. Mr. Nguyen is reminded that he can appeal any of this Court's decisions to the United States Court of Appeals for the Second Circuit if he disagrees with this Court's decisions, as he has done in his other cases.

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Previously dismissed claims

#### i. Eleventh Amendment immunity from suit

Plaintiffs argue that the Eleventh Amendment does not bar suit against the City University of New York or its Senior Colleges, citing *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006). (Am. Compl. 7–8.) However, Plaintiffs' reliance on *Katz* is inapposite, as that case concerned Congress's power to make states amenable to certain *in rem* bankruptcy proceedings. *Katz*, 546 U.S. at 379. In analyzing whether a CUNY Senior College is an arm of the state, the Second Circuit has analyzed two factors: "(1) the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, and (2) the degree of supervision exercised by the state over the defendant entity." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 82 (2d Cir. 2004) (internal quotation marks

and citation omitted); *see also Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 137 (2d Cir. 2015) (applying two-part test articulated in *Clissuras* and additional factors laid out in six-part test from *Mancuso v. N.Y. State Thruway Authority*, 86 F.3d 289 (2d Cir. 1996), used to determine whether *any* governmental entity was an arm of the state, to determine whether suit against State University of New York Community College was barred by Eleventh Amendment). The Second Circuit has repeatedly found that CUNY senior colleges, like Hunter College, satisfy this test and are arms of the state, such that suits against the senior colleges are barred by the Eleventh Amendment. *E.g.*, *Clissuras*, 359 F.3d at 83; *Skalafuris v. City of N.Y.*, 444 F. App'x 466, 468 (2d Cir. 2011) (finding as barred employment discrimination claims against CUNY and New York City College of Technology, a CUNY senior college); *Sank v. City Univ. of N.Y.*, 112 F. App'x 761, 763 (2d Cir. 2004) (finding as barred breach of contract claims against CUNY and City College of New York, a CUNY college); *see also Gengo v. City Univ. of N.Y.*, 479 F. App'x 382, 383 (2d Cir. 2012) (finding as barred suit against CUNY central administration). Accordingly, Ms. Nguyen's claims against CUNY and Hunter College, and claims for anything other than prospective injunctive relief against Milliken and Raab in their official capacities, were properly dismissed on the ground of sovereign immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) (finding Section 1983 claims against CUNY and Hunter College, and individual officials, for retrospective monetary relief barred by Eleventh Amendment (citing *Ex Parte Young*, 209 U.S. 123 (1908))).

        **ii.    Claims relating to Ms. Nguyen's grade**

The Amended Complaint more clearly delineates that Ms. Nguyen's underlying claim is for a deprivation of "property," a particular grade "paid by tuition and her hard-work." (Am.

Compl. 5.) She also asserts "the existence of Agreement/Contract." Plaintiffs appear to allege posting Ms. Nguyen's incorrect grade was a violation of 42 U.S.C §§ 1983 and 1985(3) and infringed upon Ms. Nguyen's First, Fifth and Fourteenth Amendment Rights.

Plaintiffs have failed to show that Ms. Nguyen's receipt of a grade other than A-minus deprived her of constitutional rights or a constitutionally protected property interest.[5] The Supreme Court has warned that academic evaluations of students, along with other aspects of public education, should be left largely "to the control of state and local authorities" and not to judges. *Bd. of Curators v. Horowitz*, 435 U.S. 78, 89–91 (1978) (quoting *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968)). However, "New York has recognized 'an implied contract between a public college and its students,'" that an academic institution must deal in good faith with its students, which may form the basis of a Fourteenth Amendment procedural due process claim. *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 337 (E.D.N.Y. 2014) (quoting *Olsson v. Board of Higher Ed.*, 49 N.Y.2d 408, 414 (1980)); *see also Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 246–47 (1990) ("[I]n the absence of demonstrated bad faith, arbitrariness, capriciousness, irrationality or a constitutional or statutory violation, a student's challenge to a particular grade or other academic determination relating to a genuine substantive evaluation of the student's academic capabilities, is beyond the scope of judicial review."). "To state a Fourteenth Amendment procedural due process claim, Plaintiff must allege that (1) CUNY officials' refusal to change her grade deprived her of either a 'liberty' or 'property' interest, and (2) the state's process was 'constitutionally [in]adequate.'" *Marino*, 18 F. Supp. 3d at 337 (citations omitted);

---

[5] Additionally, Plaintiffs allege no facts that would support their claim of a First Amendment violation. Rather, Plaintiffs repeatedly allege that Ms. Nguyen had a property right in a grade of A-minus and was denied that right when she did not receive it. Thus, the Court analyzes Ms. Nguyen's claim as a due process violation.

*see also Morales v. New York*, 22 F. Supp. 3d 256, 276 (S.D.N.Y. 2014) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)). To state a substantive due process claim, a plaintiff must establish that a fundamental liberty or property interest "was infringed in an arbitrary or irrational manner that shocks the conscience." *Marino*, 18 F. Supp. 3d at 338.

In this case, regardless of whether Ms. Nguyen can show that she had a constitutionally protected property interest in a particular grade or whether her grade was a result of Carrillo's bad faith, Ms. Nguyen has not indicated whether she used the school's grade appeals procedures, and has failed to state a claim that CUNY's grading or appeals procedures are constitutionally inadequate. *Cf. Morales*, 22 F. Supp. 3d at 277 (dismissing procedural due process claim when plaintiff failed to take advantage of disciplinary hearing process at his college, and did not show the process was inadequate); *Marino*, 18 F. Supp. 3d at 337. Furthermore, whether she grounds her theory in the contractual right to good-faith dealing with her institution or the more general right to an education, Ms. Nguyen's grades at Hunter College are not protected by the Fourteenth Amendment as a substantive fundamental right. *See Marino*, 18 F. Supp. 2d at 339; *see also Smith v. Guilford Bd. of Educ.*, 226 F. App'x 58, 61 (2d Cir. 2007) (noting there is no substantive due process right to public education); *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367, 2009 WL 789440, at *7 (E.D.N.Y. Mar. 20, 2009) (same). For these reasons and the reasons set forth in this Court's April 21, 2015 Memorandum and Order, Ms. Nguyen's claims regarding her grade in her statistics class are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii. January 29, 2015 incident

Plaintiffs provide new information about the alleged incident on January 29, 2015, by identifying the officers who accompanied Associate Director Colleen Barry when Ms. Nguyen was issued a Criminal Trespass Notice. However, none of these individuals are named as

defendants, and the named Defendants are not alleged to have had any involvement in this incident. Plaintiffs do not appear to seek injunctive relief in relation to this incident, and claims for money damages pursuant to Section 1983 must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. *See Iqbal*, 556 U.S. at 678. Accordingly, Ms. Nguyen's claims related to the January 29, 2015 incident are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. New claims

#### i. Claim relating to social security number and financial aid

Ms. Nguyen also brings a new claim related to her social security number and her attempt to register at Kingsborough Community College. (Am. Compl. 11, 15.) The nature of the claim is unclear, and, in any event, the named Defendants are not alleged to have had any involvement in this issue. Accordingly, this claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

#### ii. Federal Criminal Code claims

Plaintiffs, as private individuals, cannot bring claims under the listed federal criminal laws. *See Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *2 (E.D.N.Y. Apr. 28, 2014) ("Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action." (quoting *Weinstein v. City of New York*, No. 13-CV-06301, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014))); *see also Bender v. City of New York*, No. 09-CV-3286, 2011 WL 4344203, at *2 (S.D.N.Y. Sept. 14, 2011) (finding no private right of action under 18 U.S.C. § 1513); *Wright v. Waterside Plaza LLC*, No. 07-CV-9303, 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008)

(finding no private right of action under 18 U.S.C. § 1519) *aff'd*, 354 F. App'x 594 (2d Cir. 2009); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (finding no private right of action under 18 U.S.C. § 1028). Plaintiffs' alleged claims pursuant to 18 U.S.C. §§ 1028, 1513 and 1519 are therefore dismissed.

### iii. Motion to vacate and claims on behalf of Mr. Nguyen

Mr. Nguyen's motion to vacate the Court's April 21, 2015 Memorandum and Order, dismissing the Complaint as to him for lack of standing, attempts to invoke standing on the basis of Mr. Nguyen's prior interactions with Defendant Carrillo, dating back to September of 2001. However, Mr. Nguyen's alleged conflict with Carrillo and any harm he may have suffered at that time are not within the scope of Plaintiffs' original Complaint. In the Amended Complaint, Plaintiffs now allege that Mr. Nguyen suffered physical and psychological injury because of his daughter's incident at Hunter College. (Am. Compl. 13–14.) These potential state law claims for emotional distress or related torts do not raise any federal or constitutional interests over which this Court would have original jurisdiction, and the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiffs attempt to bring in this action. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013). Accordingly, Mr. Nguyen's motion to vacate the initial dismissal is denied, and the Amended Complaint is dismissed as to Mr. Nguyen.

## III. Conclusion

For the foregoing reasons, the Amended Complaint fails to cure the deficiencies in the Complaint, and the action is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 18, 2015
       Brooklyn, New York