UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TIFFANY NGUYEN and THOMAS NGUYEN,

                    Plaintiffs,              NOT FOR PUBLICATION

                         v.                    **MEMORANDUM & ORDER**
                                       15-CV-0587 (MKB)

JAMES B. MILLIKEN, CITY OF NEW
YORK/CITY UNIVERSITY OF NEW YORK,
JENNIFER RAAB, HUNTER COLLEGE,
HOLGER CARRILLO and NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Tiffany Nguyen and Thomas Nguyen, appearing *pro se*, filed the above-captioned action on January 30, 2015, alleging violations of Ms. Nguyen's First, Fifth and Fourteenth Amendment rights and seeking relief pursuant to 42 U.S.C. §§ 1983 and 1985(3). (Compl. 1–2.) By Memorandum and Order dated April 21, 2015, the Court granted Plaintiffs' applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and dismissed the Complaint as to Mr. Nguyen for lack of standing and as to Ms. Nguyen for failure to state a claim (the "April 21, 2015 Decision"). *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 232 (E.D.N.Y. 2015) ("*Nguyen I*"). Plaintiffs filed an Amended Complaint on July 7, 2015, adding new Defendants and asserting claims for breach of contract and for violations of the United States Criminal Code, the Law of Nations and Universal Declaration of Human Rights. (Am. Compl. 1–4, Docket Entry No. 12.) By Memorandum and Order dated August 18, 2015, the Court held that Plaintiffs failed to cure the deficiencies in the Complaint and dismissed the Amended Complaint (the "August 18, 2015 Decision"). *Nguyen v. Milliken*, No. 15-CV-0587,

2015 WL 4925884, at *1 (E.D.N.Y. Aug. 18, 2015) ("*Nguyen II*"). On September 14, 2015, Plaintiffs moved to vacate the judgment entered on August 18, 2015 and, in effect, seek reconsideration of the Court's August 18, 2015 Decision. (Pls. Mot. to Vacate J. ("Pls. Mot."), Docket Entry No. 15) For the reasons discussed below, the Court denies Plaintiffs' motion.

**I. Background**

The Court assumes familiarity with the facts as set forth more fully in the April 21, 2015 Decision, *Nguyen I*, 104 F. Supp. 3d at 227, and the August 18, 2015 Decision, *Nguyen II*, 2015 WL 4925884, at *1, and provides a summary of the pertinent facts.

According to Plaintiffs, Carrillo, a part-time instructor at Hunter College, "fraudulently" denied Ms. Nguyen an A-minus grade, which she believed she was entitled to, violating her Fifth and Fourteenth Amendment rights. (Am. Compl. 4–5, 11–12; Am. Compl. Ex. 2 at 1–4.) Plaintiffs allege that there is an unspecified "Agreement/Contract," related to Carrillo's course syllabus, which Carrillo breached by not properly calculating Ms. Nguyen's grade. (Am. Compl. 4–5.) According to Plaintiffs, there were discrepancies in the calculation of Ms. Nguyen's grade and the grade "was her property paid by tuition and her hard-work." (*Id.* at 2, 5.) In retaliation for her complaints about her grade and in violation of her First, Fifth and Fourteenth Amendment rights, security guards stopped Ms. Nguyen, "took away her property," and threatened to arrest her if she returned to Hunter College. (*Id.* at 11.) Plaintiffs also allege that Ms. Nguyen's personal data was compromised, resulting in "SSN fraud," which caused Ms. Nguyen difficulties obtaining or accessing financial aid and prevented her from registering for summer courses at Kingsborough Community College. (*Id.* at 9, 11, 15.)

Plaintiffs allege that Mr. Nguyen was harmed by Defendants because the incident involving Ms. Nguyen "re-activated and aggravated Mr. Nguyen's 'previous' physical,

psychological, and mental pain and anguish; and further inflicted severe damages to Mr. Nguyen's current and existing cardiac problem(s)." (*Id.* at 13.) Plaintiffs assert that "an attack on Ms. Nguyen is the same as an attack on Mr. Nguyen because Ms. Nguyen is a direct lineage and blood of Mr. Nguyen." (*Id.* at 17.) Plaintiffs also assert that, during a two year period when Carrillo was Mr. Nguyen's direct supervisor at the Department of Education, Carrillo treated Mr. Nguyen poorly. (*Id.* at 3, 15.) Plaintiffs vaguely assert that the unexplained poor treatment was part of a larger conspiracy against Mr. Nguyen. (*Id.*)

Plaintiffs allege that Ms. Nguyen suffered $339,402 in damages as a result of the incorrect grade and request that her grade be adjusted to A-minus. (*Id.* at 6.) Plaintiffs also demand "nine hundred trillion dollars and one cent" in damages and an unspecified "win-win resolution in the interest of CUNY/NYC/NYS and our mother, America." (*Id.* at 17–18.)

## II. Discussion

### a. Standards of review

#### i. Rule 60(b)(4)

Federal Rule of Civil Procedure 60(b) allows a court to provide relief from a final judgment, order, or proceeding where "(4) the judgment is void." Fed. R. Civ. P. 60(b). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "may not be used as a substitute for appeal." *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already

decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

"Relief from a judgment pursuant to Rule 60(b)(4) is not warranted 'simply because [the judgment] is or may have been erroneous.'" *Estate of Shefner ex rel. Shefner v. Beraudiere*, 582 F. App'x 9, 12 (2d Cir. 2014) (alteration in original) (quoting *U.S. Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010)). "Rather, Rule 60(b)[(4)] relief is appropriate only 'in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives the party of notice or an opportunity to be heard.'" *Id.* (quoting *Espinosa*, 559 U.S. at 270); *see also Williams v. City Univ. of N.Y.*, 590 F. App'x 84, 85 (2d Cir.) (same), *cert. denied sub nom. Williams v. City Univ. of N.Y., Brooklyn Coll.*, 136 S. Ct. 253 (2015); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (citation and internal quotation marks omitted)).

### ii. Reconsideration

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or

controlling decisions which counsel believes the Court has overlooked.").

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

    b.   **The August 18, 2015 Decision**

In the August 18, 2015 Decision, the Court dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of standing and for failure to state a claim. The Court held

that Ms. Nguyen's claims against CUNY and Hunter College, and her claims against Milliken and Raab in their official capacities for any relief other than prospective injunctive relief, were properly dismissed based on sovereign immunity. *Nguyen II*, 2015 WL 4925884, at *4. The Court noted that the Second Circuit has repeatedly found that CUNY senior colleges, like Hunter College, are arms of the state, such that suits against the senior colleges are barred by the Eleventh Amendment. *Id*. (first citing *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004); and then citing *Sank v. City Univ. of N.Y.*, 112 F. App'x 761, 763 (2d Cir. 2004)); *see also Sank*, 112 F. App'x at 763 (finding as barred breach of contract claims against CUNY and City College of New York, a CUNY college).

The Court held that Plaintiffs failed to state a claim as to Ms. Nguyen's grade because the Amended Complaint did not sufficiently allege that Defendants deprived Ms. Nguyen of constitutional rights or a constitutionally protected property interest, as necessary to state a due process claim. *Nguyen II*, 2015 WL 4925884, at *5. The Court concluded that Plaintiffs failed to allege a procedural due process claim because Ms. Nguyen had not indicated whether she used the school's grade appeals procedures, and failed to allege that CUNY's grading or appeals procedures are constitutionally inadequate. *Id*. The Court further explained that Ms. Nguyen has no substantive due process claim because her grades are not protected by the Fourteenth Amendment as a fundamental right. *Id*. (first citing *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 337 (E.D.N.Y. 2014); and then citing *Smith v. Guilford Bd. of Educ.*, 226 F. App'x 58, 61 (2d Cir. 2007)).

The Court dismissed Plaintiffs' claims regarding Ms. Nguyen's incident with the campus security guards because Plaintiffs had not named as defendants the individuals identified as being involved in the incident, which is necessary to assert a claim for money damages pursuant

6

to section 1983. *Id*. at *6. The Court also dismissed Plaintiffs' claim regarding Ms. Nguyen's social security number and her attempt to register at Kingsborough Community College because Plaintiffs failed to allege any involvement by the named Defendants. *Id*. In addition, the Court dismissed the claims brought by Plaintiffs pursuant to 18 U.S.C. §§ 1028, 1513 and 1519, because Plaintiffs, as private individuals, cannot bring claims under these federal criminal statutes. *Id*.

Finally, the Court denied Mr. Nguyen's request that the Court vacate its earlier finding that Mr. Nguyen lacked standing to assert claims on behalf of Ms. Nguyen. *Id*. The Court explained that new allegations in the Amended Complaint about Carrillo's unspecified poor treatment of Mr. Nguyen when Mr. Nguyen was employed by the Department of Education were not within the scope of the harm to Ms. Nguyen, as asserted in the original Complaint. *Id*. The Court declined to exercise supplemental jurisdiction over any state law claims for emotional distress or related torts alleged by Plaintiffs. *Id*.

### c. Plaintiffs' motion to vacate judgment

On September 14, 2015, Plaintiffs moved for relief from the August 18, 2015 judgment and, in substance, for reconsideration of the August 18, 2015 Decision. (Pls. Mot. 1.) While much of the motion is incoherent and includes numerous facts neither contained in, nor related to, the Amended Complaint, Plaintiffs appear to make four arguments in support of their motion. First, Plaintiffs argue that the August 18, 2015 Decision was biased and assert that the Court should recuse itself from deciding this matter. (*Id*. at 7–8.) Second, Plaintiffs assert that the Court improperly and prematurely dismissed the Amended Complaint *sua sponte* and contrary to Second Circuit law. (*Id.* at 6–7.) Third, Plaintiffs appear to seek reconsideration of the Court's decision as to Mr. Nguyen's standing to assert claims on behalf of Ms. Nguyen. (*Id*. at 4, 9–10.)

7

Fourth, Plaintiffs appear to seek reconsideration of the Court's determination that CUNY and Hunter College are immune from suit. (*Id*. at 5.) Plaintiffs' arguments fail to provide a basis for relief from the judgment or for reconsideration.

### i. Plaintiffs have not presented a basis for the Court's recusal or for the vactatur of the judgment pursuant to Rule 60

Plaintiffs argue that the Court should "immediately disqualify (recuse) herself before judicial sanctioning sets in" because "manifest bias and injustice" has violated 28 U.S.C. §§ 144 and 445. (Pls. Mot. 8–9.) In disputing the Court's decision dismissing the Amended Complaint, Plaintiffs assert that the Court's conduct has been "dishonest[] and harmful" and inconsistent with testimony given in response to questions by Senators during the confirmation process. (*Id*. at 7.) Plaintiffs further argue that "your Honor [n]o longer [has] the jurisdiction to render" decisions because of this alleged bias and misconduct, (*id*. at 9), and Mr. Nguyen has been denied "notice and an opportunity to be heard" because his "dissent voice . . . was clearly taken away," (*id*. at 12). The Court construes Plaintiffs' claim as a motion for the Court to recuse itself and considers Plaintiffs' arguments to set aside the judgment pursuant to Rule 60(b)(4).[1]

Section 144 states that a party may request the removal of a district court judge from a pending matter where the judge "has a personal bias or prejudice either against him or in favor of any adverse party," provided the party sufficiently states "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Section 445 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; *United States v. Amico*, 486 F.3d

---

[1] Plaintiffs do not cite Rule 60 or any other rule in asking the Court to vacate the August 18, 2015 judgment. The Court considers Rule 60(b)(4) because it appears to be most analogous to Plaintiffs' arguments in support of their motion. The Court notes that Plaintiffs cannot otherwise establish a basis to vacate the judgment pursuant to any of the subsections of Rule 60(b).

8

764, 775 (2d Cir. 2007) (Section 455(a) "requires that a judge recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 859 (1988))). In considering whether to recuse itself from a case, the court must consider whether "an objective, disinterested observer fully informed of the underlying facts[] would entertain significant doubt that justice would be done absent recusal." *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)); *see also Amico*, 486 F.3d at 775 (explaining that the inquiry considers, "when coupled with the judge's rulings on and conduct regarding them, would [the allegations] lead the public reasonably to believe that these problems affected the manner in which he presided"). For example, in *Amico*, the Second Circuit held that to avoid the appearance of partiality, a district court judge should have recused himself from a case involving mortgage fraud charges because the judge had applied for a loan from a related mortgage lender, the judge had "a relationship of some sort" with the lender, and the loan application "appeared to have a number of misrepresentations." *Amico*, 486 F.3d at 776.

However, a litigant's "disagreement [with a court's rulings] 'almost never constitute[s] a valid basis for a bias or partiality motion.'" *Jordan v. Verizon Corp.*, 391 F. App'x 10, 13 (2d Cir. 2010) (second alteration in original) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see Wright v. C.I.R.*, 571 F.3d 215, 220 (2d Cir. 2009) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citation omitted)); *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

deep-seated favoritism or antagonism that would make fair judgment impossible."). For example, in *LoCasio*, the defendant argued that the district court's decision to hold him in contempt of court and its numerous rulings on motions counter to the defendant's positions demonstrated the district court's bias. *LoCascio*, 473 F.3d at 496. The Second Circuit affirmed the denial of a recusal motion because the defendant's arguments "did not raise even a suspicion of a deep-seated and unequivocal antagonism." *Id.* (citation and internal quotation marks omitted).

Moreover, the Second Circuit has cautioned that "a judge should not disqualify himself in the absence of a violation of § 455." *Amico*, 486 F.3d at 781 n.4 (2d Cir. 2007) (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *see also Dekom v. Nassau Cty.*, 595 F. App'x 12, 15 (2d Cir. 2014) (affirming the denial of a motion for recusal where the "plaintiffs advanced no basis for the district judge to recuse herself"); *Edwards v. Horn*, No. 10-CV-6194, 2011 WL 569872, at *3 (S.D.N.Y. Feb. 9, 2011) (A judge has "an affirmative duty . . . not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." (citation and quotation marks omitted) (quoting *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 183 (2d Cir. 1991))).

Plaintiffs argue that the Court failed to construe Plaintiffs' allegations in their favor and the Court's rulings violated Mr. Nguyen's rights to assert these claims by ignoring the alleged widespread conspiracy against Mr. Nguyen. (*Id*. at 14–15.) Plaintiffs' dispute is with the Court's findings in the August 18, 2015 Decision, and Plaintiffs' legal arguments are properly addressed in the context of their motion to reconsider or on appeal. Plaintiffs have not presented any factual allegations that support their claim that the Court has a "personal bias or prejudice"

10

and, therefore, have not provided a basis for an "objective, disinterested observer" to entertain doubt about the Court's impartiality. Because Plaintiffs make no factual allegations to support their claim of bias, the Court denies' Plaintiffs' request for recusal from this matter.

For the same reasons, Plaintiffs have failed to establish a basis for vacating the Court's judgment pursuant to Rule 60(b)(4), as Plaintiffs' arguments are insufficient to demonstrate that the Court's determinations deprived Plaintiffs of an opportunity to be heard. *See Grace*, 443 F.3d at 193 ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (citation and internal quotation marks omitted)); *see also Sanchez v. MTV Networks*, 525 F App'x 4, 6 (2d Cir. 2013).

### ii. Plaintiffs have not identified any facts or law overlooked by the Court

#### 1. *Sua sponte* dismissal

Seeking reconsideration, Plaintiffs argue that the Court improperly dismissed the Amended Complaint *sua sponte* and improperly relied on the Second Circuit's decision in *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007). According to Plaintiffs, unlike the plaintiff in *Abbas*, Plaintiffs are not prisoners, but "natural person(s)/American citizen(s) with full constitutional rights," and Plaintiffs "firmly believe that at this point we are unequally treated," because the Court "discriminatorily treated [Plaintiffs] even worse than a prisoner such as Abbas because of [the Court's] bad practice." (Pls. Mot. 6.) Plaintiffs assert that the Court's *sua sponte* dismissal is "by itself grounds for reversal," and that a *sua sponte* dismissal without giving Plaintiffs "notice and an opportunity to be heard" was improper and "violat[ed] cannon [sic] 1 of upholding the independence of the judiciary" by making the Court "a proponent rather than an independent entity." (*Id.* at 7.)

11

Plaintiffs point to no controlling law that the Court overlooked. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court must perform a screening function for *pro se* plaintiffs who wish to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B); *see also Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 383 n.5 (2d Cir. 2015) ("Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss at any time an *in forma pauperis* complaint that fails to state a claim on which relief may be granted." (citations and internal quotation marks omitted)). "[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743–44 (2d Cir. 2003)).

Here, consistent with the requirements of 28 U.S.C. § 1915(e)(2)(B) and binding precedent, the Court dismissed the Complaint and granted Ms. Nguyen leave to file an amended complaint. Plaintiffs filed three requests for extension of the time to file an amended complaint. (Docket Entry Nos. 7, 10, 11.) The Court granted the three requests for additional time to file an amended complaint and, on June 22, 2015, warned Plaintiffs that failure to file an amended complaint by July 3, 2015, two and a half months after the Court's decision allowing Plaintiffs to amend the Complaint, would result in dismissal of the action. (Order dated June 22, 2015.) Plaintiffs filed the Amended Complaint on July 7, 2015. In the August 18, 2015 Decision, the Court again considered the sufficiency of Plaintiffs' allegations as well as Plaintiffs' arguments

that Mr. Nguyen has standing to assert claims on behalf of Ms. Nguyen. The Court dismissed the Amended Complaint for failure to state a claim, as explained above.

Rather than citing to law overlooked by the Court, Plaintiffs point to the Court's citation to *Abbas* and argue that the Court misapplied the law. (Pls. Mot. 6–7.) This is insufficient to warrant reconsideration. *See E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) ("[A] mere disagreement with the Court's legal determination is not a valid basis for reconsideration."). In any event, the Court did not commit error in citing to *Abbas*. In *Abbas*, the Second Circuit held that the district court improperly dismissed a *pro se* plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Id.* at 639. The district court held that the face of the complaint provided no basis to toll the statute of limitations period, but the Second Circuit reversed the district court decision and held that, because the plaintiff was not required to affirmatively plead facts that would toll the statute of limitations, the district court could not determine whether the plaintiff may have meritorious tolling arguments, and should not have dismissed the complaint. *Id.*

Here, unlike in *Abbas*, the Court did not dismiss the Amended Complaint based on statute of limitations grounds, and in addition, the Court granted Plaintiffs leave to file an amended complaint to allow Mr. Nguyen to present facts in support of his claim of standing and to state a claim pursuant to section 1983. *Nguyen I*, 104 F. Supp. 3d at 232. The Court also considered the merits of the claims Plaintiffs attempted to raise, finding that Plaintiffs failed to state any claims. This is precisely the screening function required under 28 U.S.C. § 1915, as explained in *Abbas*, and was the reason for the Court's citation to *Abbas*. *See Abbas*, 480 F.3d at 639 (Sections "1915(e)(2)(B)(ii) and 1915A(b)(1) . . . provide an efficient means by which a court can screen for and dismiss legally insufficient claims."). Plaintiff has not presented a basis for

13

reconsideration of the August 18, 2015 Decision, and the Court denies reconsideration.

### 2. Eleventh Amendment

Plaintiffs argue that in reaching its decision that CUNY and Hunter College are immune from suit under the Eleventh Amendment, the Court overlooked "right–correct–true facts" including "evidence[] of potential 'double identity' of [New York City] and [New York State]" and arms of the state including Hunter College and CUNY." (Pls. Mot. 5.) Plaintiffs state that the Court "know[s] that [New York City] or [New York State] could have been freely sued and liable" to Plaintiffs and that these entities have an obligation to be "transparent in identity" and "must be stripped of their power and protection." (*Id*.) Plaintiffs fail to identify any law to support their summary assertions, and this re-argument of the dismissal of claims against CUNY and Hunter College is insufficient to warrant reconsideration. *See E.E.O.C.*, 751 F. Supp. 2d at 651. The Court did not overlook controlling law and denies Plaintiff's motion for reconsideration on this issue.

### 3. Standing

Plaintiffs request for a second time that the Court vacate or reconsider its determination that Mr. Nguyen does not have standing to assert claims on behalf of Ms. Nguyen. Plaintiffs argue that Mr. Nguyen "is undoubtedly and undisputedly by law of nature the father [and] natural guardian of Ms. Nguyen." (Pl. Mot. 4.) Plaintiffs further argue that the denial of the motion to vacate the decision dismissing Mr. Nguyen for lack of standing was "baseless and frivolous," (*id*. at 10), and that the Court is "attacking or abridging [Mr. Nguyen's] privilege or right of parenthood," (*id*. at 11).[2]

---

[2] Plaintiffs do not allege that Ms. Nguyen is a minor. Rather, in the Amended Complaint, Plaintiffs state that Ms. Nguyen had "never met Carrillo in her previous more than 18 years of life" and appear to state that Ms. Nguyen was born in 1996. (Am. Compl. 8–9.)

14

Plaintiffs have not identified any facts or controlling law that the Court overlooked. In the April 21, 2015 Decision, the Court held that Mr. Nguyen did not have standing because he failed to show that he suffered an injury traceable to Defendants' conduct. *Nguyen I*, 104 F. Supp. 3d at 229. The Court explained that, because the claims centered on allegations of harm to Ms. Nguyen by Hunter College employees and did not advance any theory of harm to Mr. Nguyen, the Complaint did not demonstrate that Mr. Nguyen was personally deprived of rights or privileges guaranteed by the United States Constitution and, thus, he did not have standing to bring a section 1983 action. *Id*. (first citing *Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009); and then citing *Casino v. Feilding*, No. 13-CV-5095, 2013 WL 5970694, at *4 (E.D.N.Y. Nov. 8, 2013)). In the August 18, 2015 Decision, the Court explained that new allegations based on Mr. Nguyen's prior interactions with Carrillo were outside the scope of the original Complaint and, therefore, did not provide a basis for standing. *Nguyen II*, 2015 WL 4925884, at *6. Because a motion for reconsideration is not "an occasion for repeating old arguments previously rejected," Plaintiffs have not identified a basis for the Court to reconsider its determination that Mr. Nguyen lacks standing.

Moreover, to the extent that Plaintiffs argue that the Court overlooked law regarding the rights of parents to assert claims on behalf of their adult children, parenthood is not a sufficient basis to create standing to assert claims pursuant to section 1983. "Parents generally have standing to assert the claims of their minor children." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001). However, "'such rights as parents to prosecute an action on their child's behalf clearly cease' when the child becomes an adult." *Capellupo v. Webster Cent. Sch. Dist.*, No. 13-CV-6481, 2014 WL 6974631, *3 (W.D.N.Y. Dec. 9, 2014) (alterations omitted) (quoting *Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt. 1977), *aff'd* 573 F.2d

15

1295 (2d Cir. 1977)). In addition, "although parents may sue on behalf of their minor child, they do not have standing to assert claims on their own behalf for a violation of their child's rights." *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881, 2012 WL 4477552, *19 (S.D.N.Y. Sept. 27, 2012) (citation omitted). A parent "lacks standing to bring individual claims under § 1983 based upon a deprivation of [a child's] constitutional rights" because "only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim." *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) (internal quotation marks and citation omitted); *see also Horton v. Bd. of Educ. of the Sherburne-Earlville Cent. Sch. Dist.*, No. 15-CV-782, 2016 WL 2354266, at *2 (N.D.N.Y. May 4, 2016) (dismissing section 1983 claim asserted by a parent for lack of standing); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) (same). Accordingly, the Court denies Plaintiffs' motion for reconsideration as to the Court's determination that Mr. Nguyen lacks standing.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion to vacate the judgment or reconsider its August 18, 2015 Decision.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 20, 2016
      Brooklyn, New York